```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


GLENN E. DIAZ                                CIVIL ACTION

VERSUS                                       NO: 06-9564

STATE FARM FIRE & CASUALTY                   SECTION: J(1)
COMPANY, ET AL.
```

### ORDER AND REASONS

Before the Court is the Plaintiff's **Motion to Remand (Rec. Doc. 3)**. This motion, which was opposed, was set for hearing on December 20, 2006 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion to remand should be granted in part and denied in part.

### Background

Plaintiff Glenn Diaz owns two properties located at lots 6 and 7 in the Treasure Isles subdivision in Slidell, Louisiana. In 1997, Plaintiff purchased flood insurance for lot #7; however, he did not purchase flood insurance for lot # 6.  Plaintiff claims that it was his understanding that he had purchased flood insurance policies for both of the properties at that time.

As a result of Hurricane Katrina, both properties were totally destroyed.  Upon making an insurance claim on the

properties, Plaintiff was informed that only one flood policy existed covering both the properties, which was insufficient to to satisfy their total loss.

Plaintiff then filed a lawsuit against State Farm Fire & Casualty Company ("State Farm") and its agent, Ed Schaumberg, claiming that State Farm breached the contracts of insurance it had with Plaintiff, handled Plaintiff's claims in bad faith, and acted arbitrarily and capriciously.  Plaintiff further claimed that Schaumberg breached his duty to Plaintiff, failed to use reasonable diligence in handling the procurement of flood insurance, and departed from the standard of care he owed to Plaintiff.

State Farm later removed this case to state court asserting the existence of diversity jurisdiction (based on its claim that Plaintiff improperly joined Schaumberg) and jurisdiction under the Multiparty, Multiforum, Trial Jurisdiction Act of 2002 ("MMTJA").  Specifically, State Farm argued that Plaintiff's claims against Schaumberg were perempted under La. R. S. 9:5606 based on the allegation that the wrongful acts alleged against Schaumberg must have occurred in 1997 when the flood policy was purchased for only one lot.

In response to this assertion, Plaintiff filed a Declaration with the Court asserting that before Hurricane Katrina in 2005, he met with Ruby LeBlanc, whom he claims was one of Schaumberg's

employees, and told her to "make sure" that both of the properties were covered by flood insurance. Plaintiff claims that Ms. LeBlanc assured him that she would do so.

State Farm then filed a supplemental response wherein it claims that no employee by the name of "Ruby LeBlanc" ever worked for Schaumberg. Instead, State Farm notes that an individual by the name of "Ruby", who apparently represented to State Farm that she was Plaintiff's employee, conducted some of Plaintiff's insurance business for him. Defendants contend that they cannot be held responsible for the negligence of "Ruby" who they claim was Plaintiff's employee - not Schaumberg's employee.

## Discussion

The main issue in this case is whether Schaumberg was improperly joined to defeat diversity jurisdiction. The removing party bears the burden of proving that joinder is improper. Hart v. Bayer, 199 F.3d 239, 246 (5th Cir. 2000). In evaluating improper joinder claims, courts must resolve all disputed questions of fact and all ambiguities in controlling state law in favor of the non-removing party. Id. Joinder is not improper if there is any possibility of recovery against a non-diverse defendant. Id., citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40 (5 Cir.1992). Accordingly, if there is any possibility that Plaintiff can recover from non-diverse Defendant Schaumberg under the allegations excerpted above, this matter must be

3

remanded.  This Court concludes that there are disputed questions of fact between the parties relating to the flood insurance procurement issue, and State Farm, as the removing party, has failed to carry its heavy burden of proving improper joinder. This Court cannot conclude that there is no possible recovery against Schaumberg in this case.  See So. Athletic Club, L.L.C. v. Hanover Ins. Co., 2006 WL 2583406 (E.D. La. Sept. 6, 2006); Salvaggio v. Safeco Prop. & Cas. Ins. Cos., 2006 WL 3068971 (E.D. La. Oct. 25, 2006).

State Farm's assertion of jurisdiction under the MMTJA fails for the same reasons set forth by the undersigned in Southall v. St. Paul Travelers Ins. Co., 2006 WL 2385365 (E.D. La. Aug. 16, 2006).

Considering the foregoing, the undersigned concludes that in this case, State Farm has failed in its burden to show that there is no reasonable possibility of recovery in Plaintiff's claims against Schaumberg.  Accordingly, Schaumberg was not improperly joined, diversity jurisdiction is lacking, federal question jurisdiction is lacking, and this matter must be remanded. 28 U.S.C. § 1447. Accordingly,

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1447, Plaintiff's **Motion to Remand (Rec. Doc. 3)** should be and is hereby **GRANTED IN PART and DENIED IN PART**.  This matter is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard; no

4

costs shall be imposed upon Defendants.

New Orleans, Louisiana this 22nd day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE